11-2401-ag
Bai v. Holder

BIA
Hom, IJ
A099 084 013

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

CHUNLAN BAI,
> *Petitioner,*

v.                                          11-2401-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lewis G. Hu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Genevieve Holm, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Chunlan Bai, a native and citizen of the People's Republic of China, seeks review of a May 19, 2011, order of the BIA affirming the August 25, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom denying Bai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chunlan Bai*, No. A099 084 013 (B.I.A. May 19, 2011), *aff'g* No. A099 084 013 (Immig. Ct. N.Y. City Aug. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if. . .

2

the alien has exhausted all administrative remedies available to the alien as of right[.]"  This jurisdictional rule is absolute with respect to the requirement that on appeal to the BIA the alien must raise each category of relief subsequently raised in this Court.  *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).  Here, Bai failed to challenge the IJ's denial of CAT relief in her appeal to the BIA.  Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief, and the petition is dismissed to this extent. 8 U.S.C. § 1252(d)(1).

As to withholding of removal, the agency reasonably concluded that Bai was not credible based on inconsistencies between her testimony and immigration applications she had filed and her failure to provide evidence corroborating her claims.[1]  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that for asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "responsiveness" and inconsistencies in her statements

---

[1] Bai does not challenge the agency's denial of asylum or its conclusion that she did not provide corroborating evidence.

without regard to whether they go "to the heart of the applicant's claim"). Bai's testimony that she was arrested in 1997 and did not work in China after that arrest was inconsistent with immigration forms she filed stating that she was never arrested and that she worked in China as a chef between 2000 and 2003.

The IJ reasonably rejected Bai's argument that she did not consider her 1997 arrest "a real arrest" because she thought the Chinese authorities were acting illegitimately, as this explanation was not consistent with her claim that she was not responsible for the contents of the immigration forms because they were prepared by an agent, not her. The IJ was not compelled to accept either of these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; quotation marks and citations omitted)).

Together, the discrepancies between Bai's testimony and her immigration applications and her failure to provide evidence corroborating her claims constitute substantial

4

evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the IJ did not err in concluding that Bai did not establish her eligibility for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk